## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Brenda Snipes,<br><br>individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   -v.-<br><br>EOS USA, Inc. d/b/a EOS CCA and U.S. Asset Management, Inc.;<br><br><br>      Defendants. | C.A. No.:<br><br><br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brenda Snipes brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendants EOS USA, Inc. d/b/a EOS CCA ("EOS") and U.S. Asset Management, Inc. ("U.S. Asset"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The FDCPA concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

1

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing

consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause

of action against debt collectors who fail to comply with the FDCPA. *Id.* §1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and

15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the state law claims, if any,

in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a

substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff

resides.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Delaware consumers under

Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections

Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Delaware, County of New Castle.

8.      Defendant EOS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6)

and used in the FDCPA.

9.      EOS has a service address at The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, DE 19801.

10.    Upon information and belief, Defendant EOS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.    Defendant U.S. Asset is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12.    U.S. Asset has a service address at Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808.

13.    Upon information and belief, Defendant U.S. Asset is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

14.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.    The Class consists of:

   a.   all individuals with addresses in the State of Delaware;

   b.   to whom Defendant EOS sent an initial collection letter;

   c.   on behalf of Defendant U.S. Asset;

   d.   attempting to collect a consumer debt;

   e.   that states a zero-balance for interest amount or fees;

   f.   although the total balance actually includes interest or fees, respectively; and

   g.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

19.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23.     Plaintiff repeats the above allegations as if set forth here.

24.     Some time prior to July 7, 2021, Plaintiff allegedly incurred an obligation to non-party Verizon.

25.     The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal communications services.

26.     The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

27.     Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28.     According to the letter described below, U.S. Asset is the current creditor for the Verizon account.

29.     Defendant U.S. Asset collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30.     As it appears from the letter described below, U.S. Asset placed the Verizon debt with EOS for collection.

*31.*     Defendant EOS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – July 7, 2021 Collection Letter*

32.     On or about July 7, 2021, Defendant EOS on behalf of U.S. Asset sent Plaintiff a collection letter ("Letter") regarding the alleged debt, allegedly originally owed to Verizon.  A true and correct copy of the Letter is attached as Exhibit A.

33.     The Letter states:

| EOS CCA ACCOUNT # | ORIGINAL CREDITOR ACCOUNT # | PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|---|---|
| ***4152 | *********0001 | $2,490.51 | $0.00 | $0.00 | $2,490.51 |
| | | | | **TOTAL** | **$2,490.51** |

34.     The Letter lists the principal as $2,490.51.

35.     The Letter lists the interest as $0.00.

36.     The Letter lists fees and collection costs (hereafter "fees") as $0.00.

37.     The Letter then states that the total balance due is $2,490.51.

38.     However, these amounts are false or deceptive.

39.     The amount of interest due on the debt is more than zero dollars.

40.     The amount of fees due on the debt is more than zero dollars.

41.     The amount of principal of the debt is less than $2,490.51.

42.     In fact, the alleged "Principal" amount of the debt includes interest and/or fees.

43.     To state that $2,490.51 represents principal only is therefore false, deceptive and unfair.

44.     To state that there is no interest or fees are owed is therefore false, deceptive and unfair.

45.     Even if the interest and/or fees were added by Verizon, the listed amounts are false or misleading.

7

46.    Defendant's Letter attempts to further this deception by stating "You are receiving this notice because payment is past due on the above-referenced debt *originally owed to Verizon*" (emphasis added).

47.    Plaintiff was uncertain of the correct balance.

48.    Plaintiff was uncertain how much, if any, of that amount is attributable to principal.

49.    Plaintiff was uncertain how much, if any, of that amount is attributable to interest or fees.

50.    Plaintiff was uncertain of the correct balance for the principal.

51.    Plaintiff was uncertain of the correct balance for interest and fees.

52.    Plaintiff was misled as to her rights.

53.    Defendants deceptively tried to make it appear in the Letter that no portion of the amount they were attempting to collect was attributable to interest or fees and to make it appear that the balance consisted only of principal.

54.    A debtor is more likely to be willing to pay principal only.

55.    A debtor is more reluctant to pay for fees or interest.

56.    Calling the entire balance "Principal" was a deceptive collection tactic designed to coerce Plaintiff into paying and to create confusion creating an inability to determine what course of action would be in her best interests.

57.    However, Defendants' Letter created doubt and confusion for Plaintiff, who believed that at least a portion of the amount Defendants were attempting to collect consisted of interests and fees.

58.    As a result, Plaintiff was forced to waste time and money in determining her response to the Letter.

59.    Plaintiff spent time trying to ascertain the true balance of this debt.

60.    Plaintiff spent time trying to ascertain the how the alleged balance was being calculated.

61.    Plaintiff spent time trying to ascertain the principal balance.

62.    Plaintiff spent time trying to ascertain the interest balance.

63.    Plaintiff spent time trying to ascertain the fees balance.

64.    The Letter has incorrect amounts listed.

65.    Plaintiff was therefore unable to evaluate her options of how to handle this debt and respond to Defendants' debt collection efforts.

66.    Plaintiff would have pursued a different course of action were it not for Defendants' violations.

67.    Plaintiff was unable to adequately attempt to pay her debts due to the inaccuracies in the Letter.

68.    Because she was unable to ascertain from the Letter the true balance and whether it was increasing, Plaintiff was unable to make payment thereon.

69.    The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere and Plaintiff was left with less funds with which to pay off this debt.

70.    Defendants' conduct prevented Plaintiff from acting in the ways she would have otherwise acted had Defendants' letter not been improper.

71.    Plaintiff suspected that this entire collection was fraudulent in whole or in part.

72.    Plaintiff was unable to properly respond as Plaintiff was reluctant to make payment in response to a the Letter, which appeared false and fraudulent, and did not make sense.

73.     Plaintiff spent time trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

74.     During this time, and because of this, Plaintiff suffered emotional harm due to Defendants' improper acts.

75.     Plaintiff suffered from fear, anxiety, and stress, as it seemed this was a possibly fraudulent collection.

76.     Plaintiff suffered from fear, anxiety, and stress, as it appeared that someone was coming after her collecting on an incorrect debt.

77.     Plaintiff suffered from fear, anxiety, and stress, as the Letter did not explain how or why these amounts were stated in the Letter.

78.     These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

79.     Defendants' collection efforts directed to Plaintiff with respect to this alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

80.     Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

81.     Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

82.     Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the letter to her detriment.

83.     Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

84.     Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

85.     Plaintiff had a right not be subject to Defendants' deceptive, misleading, and harassing debt collection practices.

86.     As a result of Defendants' deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

87.     Plaintiff repeats the above allegations as if fully set forth herein.

88.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

89.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90.     Defendants violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) by stating a zero-balance owed for interest and fees when the actual balance included interest and/or fees; and stating a "principal" balance that included interest and/or fees;

b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

91. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

92. Plaintiff repeats the above allegations as if fully set forth herein.

93. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

94. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

95. Defendants violated this section by unfairly stating that no interest or fees were owed, when in fact one or both were allegedly owed, and that the balance consisted of principal only.

96. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

97.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brenda Snipes, individually and on behalf of all others similarly situated, demands judgment from Defendants EOS and U.S. Asset as follows:

a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq., as Class Counsel;

b)      Awarding Plaintiff and the Class statutory damages;

c)      Awarding Plaintiff and the Class actual damages;

d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)      Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**GARIBIAN LAW OFFICES, P.C**

s/ Antranig Garibian
By:  Antranig Garibian, Esq.
1010 N. Bancroft Pkwy, Suite 22
Wilmington, DE 19805
Phone: (302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiff*